affirming a judgment in favor of defendant entered upon a dismissal of the complaint and a verdict directed by the court upon defendant's counterclaim. The action was to recover the difference between the amount of defendant's bid for the privilege of maintaining and operating a stand upon the Brooklyn Bridge and the highest amount bid upon a resale of such privilege after refusal of defendant to execute a contract in conformance therewith. Defendant counterclaimed for the amount deposited with his bid. The trial court held that the commissioner of bridges of the city of New York had no power to make or execute the contract in question.

*George P. Nicholson,* Corporation Counsel (*Willard S. Allen* and *Isaac F. Cohen* of counsel), for appellant.

*Francis Colety* for respondent.

Judgment affirmed, with costs, on the ground the stand in question is an obstruction to public travel.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

INTERNATIONAL PAPER COMPANY, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

*Tax — stock transfer tax — claim against State for value of stamps alleged to have been erroneously affixed and canceled.*

*International Paper Co.* v. *State of New York,* 210 App. Div. 353, affirmed.

(Argued October 13, 1925; decided October 27, 1925.)

APPEAL from a judgment, entered November 6, 1924, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of defendant entered upon a dismissal by the Court of Claims of the plaintiff's claim and directing judgment in favor of plaintiff. The claim was filed pursuant to section 280 of the Tax Law to obtain a refund of an amount paid for stock transfer stamps which it was alleged were erroneously affixed and canceled in connection with a certain agreement for the deposit of stock.

*Albert Ottinger, Attorney-General (C. T. Dawes* and *Edward G. Griffin* of counsel), for appellant.

*William C. Cannon, Theodore Kiendl* and *Havens Grant* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., McLAUGHLIN, CRANE and LEHMAN, JJ. Dissenting: CARDOZO and POUND, JJ. Not sitting: ANDREWS, J.

---

LEONIE C. HALSTEAD, as Executrix of SAMUEL H. HAL-
STEAD, Deceased, Appellant, *v.* WESTCHESTER ELECTRIC
RAILROAD COMPANY, Respondent.

*Negligence — railroads — intoxicated pedestrian struck by car while crossing street — failure to prove wanton negligence on part of motorman.*

*Halstead* v. *Westchester Electric R. R. Co.,* 213 App. Div. 832, affirmed.

(Argued October 13, 1925; decided October 27, 1925.)

APPEAL from a judgment, entered April 28, 1925, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing a dismissal of the complaint. The action was to recover for the death of plaintiff's testator alleged to have been occasioned through the reckless, willful and wanton negligence of one of defendant's motormen. It was alleged that while decedent was staggering across the street, which was covered with ice and slippery, in an obviously helpless intoxicated condition, walking unsteadily and in a zigzag manner, and manifestly unaware of an approaching trolley car, and plainly oblivious to the danger, the motorman, who during all of the time was looking at the place where decedent was walking, permitted the car to approach and strike decedent in the back, and to knock him down and drag him for a distance of forty-seven feet, without making any effort to avoid the accident by stopping or retarding the speed of the car, until just before the collision.